IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| 1900 CAPITAL TRUST III BY U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL A. GARCIA,<br>KIRAH-SHANTEL GARCIA,<br>KEANE BOBBY BRAUN,<br><br>Defendants. | Case No. 25-cv-00156-DKW-WRP<br><br>**ORDER (1) SCREENING NOTICE OF REMOVAL, (2) FINDING A LACK OF SUBJECT MATTER JURISDICTION, (3) PERMITTING LEAVE TO AMEND, AND (4) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On April 16, 2025, Defendants Paul Garcia, Kirah-Shantel Garcia, and

Keane Bobby Braun (collectively, Defendants) filed a notice attempting to remove

a State court action initiated by Plaintiff 1900 Capital Trust III by U.S. Bank Trust

National Association (Plaintiff). Dkt. No. 1. In doing so, among other things,

Defendants failed to file "a copy of all process, pleadings, and orders", including a

copy of the underlying Complaint, served upon Defendants in the State action, as

required. Defendants also failed to pay the filing fee for an action in this Court.

Instead, one of the Defendants, Kirah-Shantel Garcia, filed an application to

proceed without prepayment of fees or costs (IFP Application). Dkt. No. 4.

Therefore, pursuant to 28 U.S.C. Section 1915(a), the Court now screens the notice

of removal.[1]   In particular, the Court screens the notice of removal, as it must, to assess whether a jurisdictional basis exists for removal.   *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that subject matter jurisdiction "involves a court's power to hear a case" and a court has an independent obligation to determine whether such jurisdiction exists) (quotation and citation omitted).

In the notice of removal, Defendants allege that the grounds for removal consist of "federal questions of constitutional dimension," a recent decision of the U.S. Supreme Court, "defective judicial proceedings", "improper Plaintiff identity", "fraudulent concealment", "improper" orders in the State action, and "forum manipulation…."   Dkt. No. 1 at 2-4.   While the notice of removal is far from clear, Defendants appear to characterize these "grounds for removal" as "defenses and counterclaims" to the claims brought by Plaintiff in the State action. *See id*. at 5.   This is a problem because "defenses and counterclaims" **cannot** provide a basis for removal.   *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (explaining that neither a defendant's counterclaim nor answer can serve as the basis for federal question jurisdiction); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) (stating that a case

---

[1]Specifically, the Court screens, and may dismiss, any claim or action it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

arises under federal law "only if the federal question appears on the face of the plaintiff's well-pleaded complaint[]" and "removability cannot be created by defendant pleading a counter-claim presenting a federal question[.]") (brackets and quotation omitted).   Therefore, at least on the current record, which, as mentioned, Defendants failed to supplement with the underlying Complaint or any other document from the State case, there is no subject matter jurisdiction over this action.

However, because Defendants are proceeding without counsel, the Court will permit them leave to amend the notice of removal, should they so choose.   If they do choose to amend the notice of removal, Defendants must allege a proper basis for federal subject matter jurisdiction.   In addition, if Defendants rely upon federal question jurisdiction, the federal question must appear **on the face of the Complaint (or any Amended Complaint) Plaintiff filed in the State action.** Defendants must also attach to any amended notice of removal they may file a copy of all process, pleadings, and orders served upon them in the State action, including the Complaint or any Amended Complaint.   *See* 28 U.S.C. § 1446(a). **Failure to follow any of these instructions shall result in this action being remanded to the State court.**

Defendants may have until **May 5, 2025** to comply with this Order.

The IFP Application, Dkt. No. 4, is HELD IN ABEYANCE pending the

receipt of any timely response to this Order.

IT IS SO ORDERED.

DATED: April 21, 2025 at Honolulu, Hawai'i.


Derrick K. Watson
Chief United States District Judge