IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| 1900 CAPITAL TRUST III BY U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL A. GARCIA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00156-DKW-WRP<br><br>**ORDER (1) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION, AND (2) DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On April 21, 2025, after Defendant Kirah-Shantel Garcia moved for leave to proceed without prepayment of fees or costs (IFP Application), Dkt. No. 4, the Court screened Defendants' Paul Garcia, Kirah-Shantel Garcia, and Keane Bobby Braun's notice of removal, Dkt. No. 1, which removed a State court foreclosure action initiated by Plaintiff 1900 Capital Trust III by U.S. Bank Trust National Association (Plaintiff). After doing so, the Court found, on the record presented, a lack of subject matter jurisdiction for removal because Defendants appeared to rely solely upon "defenses and counterclaims" as the basis for purported federal question jurisdiction—something which they cannot do. Dkt. No. 7. Because Defendants are without counsel, though, the Court permitted them leave to amend the notice of removal in an attempt to explain the federal basis for removal.

On May 5, 2025, Defendants filed an amended notice of removal. Dkt. No. 8. Therein, they again rely upon a purported "federal question" as the jurisdictional basis for removal, asserting that the following questions appear on the face of the Complaint: federal loss mitigation and borrower protections under 12 U.S.C. § 2605 that are "necessarily incorporate[d]" in the Complaint; disclosure and rescission rights under 15 U.S.C. § 1601 that are "implicated" in the Complaint; identification requirements under 15 U.S.C. § 1692 upon which the "foreclosure process relies"; obligations under 12 C.F.R. §§ 1024 & 1026 that are "directly triggered" by Plaintiff's claims; an unidentified "substantial federal issue" that is "necessarily raised" in the Complaint; a "challenge" to the constitutionality of Hawaiʻi's nonjudicial foreclosure process; and Defendants' assertion of alleged civil rights violations, fraudulent concealment, and the need to "reassess[]…judicial deference to agency interpretations" under recent U.S. Supreme Court case law.

None of the above, however, provide federal question jurisdiction over this case. As explained in the April 21, 2025 Order, the reason is straightforward: none of the above appear on the face of the Complaint, which is attached to the amended notice of removal (Dkt. No. 8-1). Instead, the <u>only</u> question on the face of the Complaint is that of foreclosure *under State law*—specifically, Hawaiʻi's

judicial foreclosure process pursuant to Chapter 667 of the Hawaiʻi Revised Statutes.  *See* Dkt. No. 8-1 at 12[1] ("Affirmation" pursuant to Haw. Rev. Stat. Section 667-17); Haw. Rev. Stat. § 667-17 (requiring an attorney affirmation in judicial foreclosure proceedings).  Much like the questions set forth in the original notice of removal, the ones set forth above and in the amended notice of removal are clearly relied upon by Defendants as defenses or counterclaims.  This is why Defendants believe they are "necessarily incorporate[d]", "implicated", or otherwise "directly triggered" in or by the Complaint—because Defendants hope to rely upon the same in order to challenge the foreclosure as, for example, allegedly violating various federal or state legal protections for "borrower[s]", *i.e.*, Defendants.

For the same reasons set forth in the April 21, 2025 Order, Dkt. No. 7 at 2-3, this is insufficient.  Moreover, because Defendants have been provided an opportunity, after guidance from this Court, to establish federal subject matter jurisdiction, and have failed to do so, the only appropriate course is to REMAND this action to State court.  *See, e.g., Shannon v. Bayview Loan Servicing, LLC,*

---

[1] In citing the record from the State proceeding attached to the amended notice of removal, the Court cites to the page numbers in the top-right corner of said document, *i.e.*, "Page 12 of 16."

2017 WL 534348, at *2-3 (D. Or. Feb. 8, 2017) (remanding foreclosure action to State court after defendants failed to establish federal subject matter jurisdiction).

Accordingly, this case is REMANDED to the Fifth Circuit Court for the State of Hawaiʻi, pursuant to 28 U.S.C. Section 1447(c), and the Clerk of this Court is instructed to mail a certified copy of this Order to the clerk of the Fifth Circuit Court.   The Clerk of this Court shall then CLOSE this case.

The IFP Application, Dkt. No. 4, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: May 9, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge