IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| 1900 CAPITAL TRUST III BY U.S. BANK TRUST NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL A. GARCIA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00156-DKW-WRP<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION, (2) DENYING MOTION FOR STAY, (3) DENYING AS MOOT MOTION FOR WAIVER OF BOND, AND (4) DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS** |

On June 2, 2025, in a patently frivolous series of filings, Defendants Paul Garcia, Kirah-Shantel Garcia, and Keane Bobby Braun move for (1) reconsideration (motion for reconsideration) of a May 9, 2025 Order remanding this action to State court (Remand Order), and (2) a stay pending appeal of the Remand Order, together with a waiver of a bond for the stay (stay and waiver motion).   Dkt. Nos. 12-13. Defendants have also appealed the Remand Order.   Dkt. No. 14.   As explained below, all of Defendants' frivolous motions are DENIED.   In addition, because the issue may arise in Defendants' meritless appeal, they are DENIED leave to proceed on appeal *in forma pauperis*.

Initially, considering the appeal, the Court assesses its jurisdiction. Ordinarily, the filing of a notice of appeal results in the transfer of jurisdiction from

a district court to a court of appeals.  *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-886 (9th Cir. 2001).   Nonetheless, pursuant to Federal Rule of Civil Procedure 62.1(a), when a motion is filed in a case where the district court lacks jurisdiction due to a pending appeal, the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeal remands for that purpose or that the motion raises a substantial issue."   Here, the Court takes the second permitted approach—denial of all of Defendants' pending motions.

Regarding reconsideration, when such a motion is filed less than 28 days after the entry of judgment, as it was here, it is construed under Rule 59(e) of the Federal Rules of Civil Procedure.   *Cf. Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 772 (9th Cir. 1986) ("Gould's motion … was not denominated a Rule 60(b) motion. But, since it followed final judgment and was not within the time limits of Rule 59(e), we may consider it a Rule 60(b) motion."); *see Croomes v. Stream Global Services-AZ, Inc.*, 2012 WL 2946498, at *1 (D. Ariz. July 19, 2012); Fed.R.Civ.P. 59(e).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening

change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Here, even liberally construed, Defendants move for reconsideration under none of these grounds. Instead, the motion for reconsideration simply regurgitates the same flawed reasons Defendants gave for purported removal jurisdiction in their amended notice of removal. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (stating that Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quotation omitted). As explained in the Remand Order, the flaw in each of those reasons is that removal jurisdiction <u>cannot</u> be premised upon claims, defenses, counterclaims, or whatever label litigants wish to give their arguments, which do not appear on the face of the *Complaint*. As further explained in the Remand Order, the <u>only</u> issue on the face of the Complaint was foreclosure under State law. Dkt. No. 9 at 2-3. As a result, Defendants have failed to present a valid basis for removal of this action, mandating its remand. *Id.*

To the extent a permissible grounds for reconsideration can be identified, it would arguably be "manifest error of law" in granting remand. Specifically, Defendants appear to contend that, because they purport to challenge the constitutionality of a *State* law, pursuant to Federal Rule of Civil Procedure 5.1, the

3

Court should have waited for the Attorney General of the State of Hawaiʻi to respond to their challenge before deciding whether to remand.   Dkt. No. 12 at 3-4.   Defendants tread on thin ice, however, in citing and misquoting Rule 5.1.   Notably, according to Defendants, Rule 5.1(c) states that a "court may reject the constitutional challenge only if the attorney general has been given notice and an opportunity to intervene."   *Id*. at 3.   Apart from making no sense, Rule 5.1(c) states the *exact opposite*: "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional."   *See also* Fed.R.Civ.P. 5.1 advisory committee notes to 2006 adoption ("The court may reject a constitutional challenge to a statute *at any time*.") (emphasis added).[1]   This is, therefore, not a reason for reconsideration of the Remand Order.   The motion for reconsideration, Dkt. No. 12, is DENIED.

As for a stay pending appeal, first, a stay of the Remand Order would ignore the fact that Defendants do not even have a right to file an appeal of the same.   *See* 28 U.S.C. § 1447(d) (a remand order "is not reviewable on appeal or otherwise," unless the case was removed pursuant to Sections 1442 or 1443).   Here, Defendants did not remove pursuant to Section 1442.   And, while they cited Section 1443 in

---

[1]Should Defendants make any further misrepresentations to the Court, in this or any other case before the undersigned, an order to show cause, an order requiring payment of monetary sanctions, or both will be issued forthwith.

their removal notices, as discussed in the Remand Order, there is no *civil rights* aspect to this case, as required under Section 1443, because, on the face of the Complaint, the case involves State foreclosure law.   Therefore, there is no need to permit Defendants a stay to pursue an appeal to which they have no right.   Second, even if Defendants had such a right, for all the reasons discussed herein and in the Remand Order, they have failed to make a strong showing of likely success on appeal because any appeal would, in fact, be frivolous.   *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (setting forth the four factors that must be considered in stays pending appeal, including, "the stay applicant has made a strong showing that he is likely to succeed on the merits").   The stay and waiver motion, Dkt. No. 13, is DENIED with respect to a stay and DENIED AS MOOT with respect to waiver of a bond.

Finally, because the matter arguably may arise in light of Defendants' filing of a notice of appeal and their decision to attempt to proceed without prepaying fees or costs in this Court, they are DENIED leave to proceed on appeal *in forma pauperis* because their appeal has not been taken in good faith.   *See* Fed.R.App.P. 24(a)(4) (providing when a court may deny leave to proceed on appeal *in forma pauperis*, including when the Court "certifies that the appeal is not taken in good faith"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a matter is

frivolous when it "lacks an arguable basis either in law or in fact.").

The Clerk is directed to send a copy of this Order to Defendants and to the Ninth Circuit Court of Appeals.   *See* Fed.R.App.P. 24(a)(4).   The Clerk shall also mail a certified copy of this Order to the clerk of the Fifth Circuit Court for the State of Hawaiʻi.

IT IS SO ORDERED.

Dated: June 13, 2025 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

6